(Cuyahoga County O., Common Pleas, 1901.)

## CLEVELAND ELECTRIC RAILWAY CO., v. BOARD OF EQUALIZATION.

(1)   Where a city board of equalization of taxes is constituted in conformity with law, and its members are acting only on such matters as are within their jurisdiction, a court of equity cannot act upon allegations which impeach their motives or the legality of the manner of their appointment.

(2)   A court of equity is not a court of errors to review the acts of public officers in the assessment and collection of taxes, and it will not revise their decisions upon matters within their discretion, if they have acted honestly.

(3)   Where a law prescribes a particular manner or designates a particular proceeding or tribunal for the adjustment of inequalities in matters of taxation, the parties must avail themselves of such remedy, and will not be allowed to waive such relief and seek in equity to enjoin the action of such tribunal.

(4)   Courts of law and equity are powerless to give relief for excessive assessments of taxes, except as they may be especially empowered by law to do.

(5)   The statutory remedy is the only remedy for an irregular assessment of taxes.

(6)   Secs. 5848, 5849, 5850 R. S., providing for the enjoining of the illegal levy of taxes, do not apply to cases where the levy has not been completed by the proper officers provided by law.

(7)   Sec. 2805, R. S., relating to the city board of equalization of Cleveland is not unconstitutional as being a special law relating to a matter of a general nature.

(8)   The city board of equalization of Cleveland is not illegally constituted by reason of the fact that the appointing power of the members thereof is vested by law in the mayor.

(9.)   Injunction will not lie to restrain a board of equalization from making an addition or increase in the personal property of plaintiff, over and above the return thereof as made, on the ground that such board is intending to make an excessive erroneous collusive or fraudulent assessment.

(10)   In such case the plaintiff's remedy is to wait until the assessment is made or valuation raised and then proceed as provided by statute.

---

STRIMPLE, J.,

This matter comes before this court on a demurrer to the amended petition of The Cleveland Electric Railroad Company, a corporation, against Willis Vickery, George Gloyd, William W. Armstrong, Charles W. Woolridge, Otto Jansen, J. G. Pomerene and William E. Craig, acting as members of the annual city board of equalization of Cleveland, Ohio, the defendant, Craig, being the duly elected and qualified auditor of this county.

The petition alleges in substance, that The Cleveland Electric Railroad Company, is the owner of and is operating a street railway line upon the streets of the city of Cleveland, and beyond its limits by virtue of various grants and franchises from the proper authorities and from the city, and that the defendants are claiming to act as the annual city board of equalization, for the city of Cleveland, and being constituted under and deriving its powers from section 2805, of the Revised Statutes, of the state of Ohio, and possessing no powers or authority beyond that conferred by said section; and that certain members of said board, to wit, Vickery, Woolridge, Jansen and Pomerene were appointed by the Mayor Tom L. Johnson,—the said Vickery, Woolridge, Jansen and Pomerene constituting a majority of the board,—and the members, Gloyd and Armstrong, having been appointed by Johnson's predecessor in the office of mayor,—they, with the auditor, constituting the board; and that the board was fully constituted prior to the election of said Johnson, as mayor of the city of Cleveland, as provided by said section 2805.

And complaining further, the plaintiff alleges that Johnson in order to gain control of said board and to carry out his own views relative to the valuation of the plaintiff's property and other like properties, induced four members of the board as constituted prior to his succession as mayor, by inducements of other and more lucrative offices and better salaries to resign and appointed in their stead other members entertaining like views with himself, taking from such appointees their written resignations for the purpose of compelling them to act in accordance with his views in matters wherein by law they were required to exercise their own judgments upon the questions coming before them. And that said majority of the members of the board have conspired to raise the valuation of plaintiff's property, and are acting in collusion with Johnson, and that they will, unless restrained by this court, raise, and certify to the auditor of this county, which will be by him placed upon the duplicate for assessment against this plaintiff, the valuation of its taxable property within the city of Cleveland, upon a wrong and unlawful basis to an excessive and wrongful amount to this plaintiff's irreparable damage and injury.

It is alleged in the petition, that the plaintiff has returned its personal property for taxation at its true value in money, including all movable and tangible property and money and credits belonging to it; that it has done all in that respect required of it; and that by the unjust methods, all of which this plaintiff claims are contrary to law, to raise the valuation of plaintiff's property, the defendants in pursuance

of this unlawful plan, are about to and will, unless restrained by this court, add the sum of more than nine millions of dollars to the valuation of plaintiff's property; and that said threatened increase of, and addition to, the valuation of the personal property of this plaintiff, is grossly excessive and unfair, and that the contemplated valuation by said board of its franchises and grants and a valuation of its said property based on the market value of the capital stock and outstanding bonds of the plaintiff, all of which, it is alleged by the plaintiff, is in excess of the power and authority of said board.

And plaintiff alleges further that this action of contemplated increase of valuation is contrary to law and the well-established interpretation of section 2744, of the Revised Statutes, relating to the return and valuation of personal property generally for over forty years.

And it is claimed that this increased valuation would cause the plaintiff to pay a tax grossly in excess of that paid by other like corporations throughout the state and thereby result in confiscation of their property, all of which, it is claimed is contrary to law.

Further the plaintiff complains that the section of the statute providing for the appointment of the members of this board, is unconstitutional for the reason that it is a law of a general nature and does not have a uniform operation throughout the state; and that if they permit the said board to act although illegally constituted, their acts would be held to be acts of *de facto* officers and they, therefore, raise the question of the constitutionality of the board, and allege that if they allow this increase, they would have no remedy at law.

The general prayer of the petition seeks to restrain the defendants from making any addition, or taking any action whatever in the way of increasing or adding to the return made by this plaintiff of its personal property from taxation,—and I may say, in passing, that a co-ordinate branch of this court has allowed a temporary restraining order in accordance with the prayer of this petition.

To this petition which the court has recited only in substance, the defendants have filed a general demurrer, alleging that the facts set forth in the petition do not constitute a cause of action; that is, that the facts that are well pleaded in the petition, are not sufficient in law to constitute a cause of action.

To briefly sum up the matters complained of in this petition, we think they may properly be stated as follows:

First. That the mayor acting wrongfully

and unlawfully, so constituted the annual city board of equalization, that he might con trol it, and, acting in conspiracy with certain of its members which constitute a majority thereof, is about to, in pursuance of said con spiracy and in accordance with the dictation of said Johnson, who wrongfully controls a majority of said board, are about to unlaw fully and in violation of the law relating to the return of tax values of plaintiff's proper ty, add nine millions of dollars thereto, and this plaintiff has no adequate remedy at law.

Second. That the board, thus constituted, has no legal existence.

We are of the opinion that if this board, was constituted in conformity with the law, so long as its members acted only on such matters as were within their jurisdiction, a court of equity cannot act upon allegations which alone impeach their motives or the legality of the manner of their appointment.

The questions here presented, which we deem worthy of notice, are:

First. Are the facts alleged in this petition sufficient to lodge in this court the jurisdiction to interfere by the extraordinary remedy of injunction, to correct the errors or control the judgment of the quasi judicial board, or to enjoin the members thereof from performing an official function which the law has imposed upon them to perform under the sanction of their official oath?

Second. If the court has the judicial power to interfere by this extraordinary remedy, does the petition disclose facts which warrant the interference of this court?

Third. Does the fact that the mayor ap pointed this board under section 2805, of the Revised Statutes, while in other parts of the state except possibly Cincinnati, said board is appointed by the council instead of by the mayor, in any way conflict with the constitutional provision that all laws of a general nature shall have a uniform operation throughout the state?

We think the consideration of these ques tions must determine the case presented here to the court.

The constitution provides that laws shall be passed taxing by a uniform rule, all mon eys, credits, investments in bonds, stocks and joint stock companies or otherwise, and also all real and personal property according to its true value in money.

The legislature in obedience to the require ments of the constitution to provide by law for the taxation of property according to its true value in money, whether owned by street railway corporations or natural per sons, —the property of all persons both nat ural and artificial, has assumed to pass laws the object and purpose of which are to secure the listing and taxing of all property, subject to taxation in the state, by this uniform rule and according to its true value in money. One of the agencies employed by the state for valuing and equalizing the personal property of persons, both natural and artificial, is this board, the annual city board of equaliza tion, which sits during a certain portion of the year for certain functions, the object of which is to meet the constitutional requirements of uniformity of taxation, and during other cer tain portions of the year, they may be called together under the sanction of a new oath to sit as a board of revision to correct their own errors and mistakes made theretofore.

The petition complains that this board was so-assembled, so made up by the mayor, that it is intending to and will disregard the law and the oath taken by its members, and will do a thing which is contrary to the law and for which the plaintiff has no remedy and asks the court to interfere by its equity power of injunction and to restrain this board from acting at all in the valuation or equalization of their personal property.

It is quite obvious that an injunction so broad in its scope, in effect would be to sus pend the functions of this board and to sup plant in their place the opinion and judgment of the court.

It must be borne in mind that this board has not acted at all; it is the threatened act which is sought to be restrained. It is claimed that they have adopted a rule govern ing their proceedings in the valuation of plaintiff's property and other like property, which is contrary to law and which will re quire them to pay a tax much in excess of like corporations in other parts of the state.

It may be said, in passing upon this ques tion, that it is not altogether unlikely that this board might change its views with re spect to the proper method of valuation of the plaintiff's property at any time before they had certified the amount to the auditor, and that for the court to interfere by injunc tion would be to suspend by that process the exercise of a function which the law lodges in them and with which the court ought to be exceedingly slow as it might result in an interference by one branch of the govern ment with the functions of another branch thereof.

All that has thus far been said by the court has proceeded on the assumption that the stat ute providing for the appointment of the mem bers of this board, is a valid enactment.

In this state there are different tribunals of boards of equalization provided by law, whose function consists in hearing complaints of

persons aggrieved, adjusting inequalities among the different taxpayers, and equalizing the taxation among the different persons subject thereto; and we think it is a well-recognized principle of law that a court of equity is not a court of errors to review the acts of public officers in the assessment and collection of taxes, nor will it revise their decision upon matters within their discretion if they have acted honestly. And further that where a law prescribes a particular manner, or designates a particular proceeding or tribunal for inequalities to be adjusted by dissatisfied persons with the tax, they must avail themselves of the legal remedy thus prescribed and will not be allowed to waive such relief and seek in equity to enjoin the action of such a tribunal,—and this, we think, proceeds upon the ground that where one has a complete and ample remedy at law and fails to avail himself of such remedy, he would not be permitted to invoke the aid of equity.

High on Injunctions, lays down this proposition:

That the tribunals fixed by law, for determining and equalizing property for purposes of assessment, if assessed too high, will not warrant an injunction since the act of such officers is judicial in its nature and will not be reviewed in equity; yet if the valuation was so grossly excessive as to afford evidence of fraud in the action of the officers, the court might interfere; but if the taxpayer may have adequate relief for excessive taxation by an application therefor by an application to the Boadr of Review, a court ob equity will not interfere, but, in that case, to avail himself of such remedy by the injunction he must not neglect application therefor, for if he does, he will be denied relief by injunction,—he will not be allowed the aid of an injunction.

This principle, however, is different where a tax is levied upon property which the law exempts from taxation and, in such a case, a remedy by injunction may be had in the first instance.

Other cases are cited and principles laid down in the same work (High on Injunctions), where the restraining order has been allowed when the valuation fixed on taxable property was grossly arbitrary and unreasonble, but, in all these case, the valuations of property have been fixed, the boards have exercised their judgment, and the reviewing boards where such boards were provided, have acted on the matters, so that the taxable value of the property has, in fact, been determined. Beach on Injunctions, section 1202, citing *Wagoner* v. *State,* and Ohio case.

In this case the petition in substances claims that this illegally constituted board are about to, unless restrained, exercise their functions contrary to law and contrary to their oaths, and are about to commit errors in the valuation of the plaintiff's property, which, if they are permitted to do, will be to the damage of the plaintiff. To suspend their functions with reference to this plaintiff's property would be to suspend their functions with reference to other like properties and to any property and as to the valuation of any property where the plaintiff might claim a similar state of facts. In substance, in our judgment, it would amount to a suspension by the court of the functions of a tribunal which, if legally constituted, the court has no power to suspend.

Assuming that this board is constituted in accordance with law, we think the case made in this petition, seeks to restrain an excessive or unequal assessment; and where any principle of law is violated in making it and the complaint is of an error of judgment only, it is said in Cooley on Taxation, that the sole remedy is an application for abatement to the proper statutory board provided for hearing; the courts, either of common law or of equity, are powerless to give relief for excessive assessments except as they may be especially empowered by law to do. And we think this principle is applicable to statutory boards of equalization, which are only assessing boards with certain appellate powers, but, whose action, if they keep within their jurisdiction, is exclusive except as otherwise provided by law.

For a merely irregular assessment the statory remedy is also the exclusive remedy. It is supposed to be adequate to all the requirements of justice, and it is the party's own folly if he fails to avail himself of it.

It is plain that the statute provides for a board of revision. True, it is constituted of the same members, but I believe that the law requires that they take a new oath and that they proceed to revise and correct any errors or mistakes which have been made in the valuation of the property.

To grant this restraining order, or to recognize this petition as stating facts which would warrant the granting of an injunction, would be in substance to say that this board is about to make a mistake, it is about to act contrary to law and we desire the intervention of the power of the court to suspend their functions so that they may not commit this grievious error. It is, in substance, the ousting of the board from its functions in so far as they relate to the plaintiff's property. The board has not acted; but if it is proceeding or about

to proceed upon a wrong principle, it may gain new light, it may change its views; if it should not, and proceeds to assess this property upon what it is claimed here is a wrongful basis, when it meets as a board of revision, it may by that time have gained sufficient information upon the subject of taxation, if the plaintiff's contention is right here, to then correct its errors or mistakes, correct the wrongs which the plaintiff claims it is about to perpetrate. In any event, it has acted not yet; and the mere allegation that is it about to act and about to exercise a function contrary to law and against the oath of its members, ought to be taken by the court as *a fact*, with very great hesitation.

Courts of equity are governed by fixed rules, equally with courts of law, and I know of no rule, no recognized principle of equity that would warrant the interference of this court by injunction to restrain the exercise of a function of a board belonging to a co-ordinate branch of the government.

There has been some discussion of section 5848, of the Revised Statutes. This section grants to the courts of common pleas permission to enjoin illegal taxes or assessments or a collection of either or those that have been collected without regard to the amount thereof. And it is provided in section 5849, and the following sections, that actions to enjoin the illegal levy of taxes and assessments must be brought against the corporation or persons for whose use and benefit the levy is made, and if the levy would go upon the county duplicate, the county auditor must be enjoined in the action. And in section 5850: Actions to enjoin the collection of taxes and assessments must be brought against the officer whose duty it is to collect the same; actions to recover back taxes and assessments must be brought against the officer who made the collection, or, if he is dead, against his personal representatives.

Section 5851: If the plaintiff in an action to enjoin the collection of taxes or assessments admits a part thereof to have been legally levied, he must first pay or tender the sum admitted to be due.

We find ourselves unable to agree with counsel for plaintiff on the interpretation of these sections of the statute.

Section 5848 provides for the enjoining of the illegal levy of taxes and assessments, and we think these statutes proceed upon the theory that the levy has been completed by the proper officers provided by law for making the same. And until at least such time as this board has fixed the valuation of this plaintiff's property illegally, in violation of

[COPYRIGHT, 1901, BY CARL G. JAHN.]

law, the remedy which is sought in this petition could not obtain.